# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

TIMOTHY S. MOSLEY,  Case No. 1:15-cv-00208
    Plaintiff,  Black, J.
      Litkovitz, M.J.
  vs.

COMMISSIONER OF  **REPORT AND**
SOCIAL SECURITY,  **RECOMMENDATION**
    Defendant.

This matter is before the Court on plaintiff's motion for attorney's fees under the Social Security Act, 42 U.S.C. § 406(b)(1). (Doc. 31). The Commissioner has filed a response in support of plaintiff's motion. (Doc. 32).

On May 2, 2016, the Court granted the parties' joint request to remand this case for further administrative proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (Doc. 26). On remand, the Court ordered the Appeals Council to vacate all findings in the Administrative Law Judge's decision, and further ordered the Commissioner to conduct further proceedings and develop the administrative record as necessary to determine whether plaintiff is under a disability as defined by the Social Security Act. (Doc. 26). Upon the joint stipulation of the parties, the Court previously awarded plaintiff $3,700.00 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 30). Acting pursuant to § 406(b)(1)(A), the Commissioner withheld 25 percent of past-due benefits—or $5,018.00—as a potential contingency fee to be awarded to plaintiff's counsel. (Doc. 31-1 at 6). Plaintiff now seeks an award of $5,018.00 in attorney fees under § 406(b) for 35.10 hours of work that plaintiff represents was performed before the Court. (Doc. 31 at 2).

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney

a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding.  42 U.S.C. § 406(b)(1)(A).  *See Horenstein v. Sec'y of H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work performed before the court, and not before the Social Security Administration).  Fees are awarded from past-due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel.  *Gisbrecht*, 535 U.S. at 807.  When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable.  *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc).  Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered.  *Gisbrecht*, 535 U.S. at 807.  The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases.  *Id.* at 808.  *See also Rodriquez*, 865 F.2d at 746.  Additionally, the Court should consider instances of improper conduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended; and the degree of difficulty of the case.  *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746.  An award of 25 percent of past-due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the

benefits awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate pleadings with no apparent legal research. *Rodriquez*, 865 F.2d at 747.

An award of fees under § 406(b) is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of HHS*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit determined:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.* "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes,* 923 F.2d at 422.

Here, the fee of $5,018.00 that plaintiff requests falls within the 25 percent boundary. Thus, the issue is whether the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807. Plaintiff has submitted a copy of the fee petition sent to the Social Security Administration, in which plaintiff agreed to pay to pay counsel $12,987.00 (representing a $370.00 hourly rate multiplied by 35.10 hours of work performed before this Court), or 25% of the past-due benefit, whichever generated a lesser amount. (Fee Petition, Doc. 31-1 at 1).[1] Plaintiff has also submitted time records demonstrating that his counsel performed a total of 35.10 hours of work on the case in this Court. (Doc. 31-1 at 2-4).

Dividing the $5,018.00 requested for counsel's work on this case before the Court by the 35.10 hours counsel worked on this case before the Court yields a hypothetical hourly rate of

---

[1] Though not attached to plaintiff's motion, the docket also reflects a separate contingency fee agreement signed by the claimant on May 9, 2016, in which the claimant agreed to pay an attorney fee equal to $370.00 per hour up to a maximum of 25% of the total past-due benefit. (Doc. 28).

3

approximately $142.96. In determining whether counsel "would enjoy a windfall because of either an inordinately large benefit or from minimal effort expended," *Hayes*, 923 F.2d at 422 (quoting *Rodriquez*, 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* As the Sixth Circuit explained in *Hayes*:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.
>
> . . . .
>
> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of the fee.

*Id*.

The *Hayes* "floor" in this case is $25,974.00, which represents 35.10 hours times counsel's hourly rate of $370.00 multiplied by 2.[2] Plaintiff's requested fee of $5,018.00 falls under this amount. Thus, the requested fee does not constitute a windfall to plaintiff's counsel. Moreover, plaintiff's counsel achieved an excellent result in this case and conferred with opposing counsel to file joint motions and otherwise resolve this matter efficiently. Plaintiff's

---

[2] Defendant asserts that plaintiff only performed 21.3 hours of work before this Court, and the 13.8 additional hours of work occurred after the case was remanded to the agency. (Doc. 32). Accepting this argument as true would not change the Court's analysis in this case. *See Hayes*, 923 F.2d at 422. Applying defendant's calculation of 21.3 hours of work performed before this Court would create a *Hayes* "floor" of $15,762.00, which represents 21.3 hours times counsel's hourly rate of $370.00 multiplied by 2. Plaintiff's requested fee of $5,018.00 would still fall under this amount and thus would not constitute a windfall to plaintiff's counsel.

counsel agrees that upon receiving $5,018.00 under § 406(b), the $3,700.00 previously received under the Equal Access to Justice Act will be returned to the claimant. (Doc 31 at 1). Further, the Commissioner does not object to the requested fee and submits that plaintiff's motion is "consistent with § 406(b)'s requirements, is in accord with the fee agreement, and is otherwise reasonable." (Doc. 32). In view of these considerations, and having reviewed the fee request in light of the remaining criteria set forth in *Gisbrecht* and *Rodriquez*, the undersigned finds that the requested fee award is reasonable for the work plaintiff's counsel performed in this Court.

The undersigned therefore **RECOMMENDS** that plaintiff's § 406(b) motion for attorney fees (Doc. 31) be **GRANTED** and that counsel be **AWARDED** $5,018.00 in fees.

**IT IS SO RECOMMENDED.**


Date: __9/5/2017_____          __s/ Karen Litkovitz_____
                                          Karen L. Litkovitz
                                          United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| TIMOTHY S. MOSLEY,<br>    Plaintiff, | Case No. 1:15-cv-00208<br>Black, J.<br>Litkovitz, M.J. |
| vs. | |
| COMMISSIONER OF<br>SOCIAL SECURITY,<br>    Defendant. | |

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).